# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL G. KALKHOFF,

      Plaintiff,

v.                                       Case No.07-C-0438

PICK N' SAVE MEGA FOODS, INC.,

      Defendant.

## DECISION AND ORDER

Plaintiff Michael G. Kalkhoff, proceeding pro se, has filed this action against defendant Pick N' Save Mega Foods, Inc., alleging that he was subject to sexual harassment and age discrimination. Currently before me is plaintiff's request for appointment of counsel.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir.1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. <u>Jackson</u>, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. <u>Id.</u> Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. <u>See Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir.1993).

In this case, plaintiff has not provided evidence that he meets the threshold requirement that he attempt to obtain legal counsel on his own. However, even if had done so, the issues in this case appear at this stage to be straightforward and plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the presence of counsel is unlikely to make a difference in the outcome of this case and plaintiff's motion will be denied.

**SO ORDERED** at Milwaukee, Wisconsin, this 1 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge