UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KALKHOFF,

    Plaintiff,

v.    Case No. 07-C-0438

ROUNDY'S SUPERMARKETS, INC.,

    Defendant.

**ORDER ON VARIOUS MOTIONS**

On April 30, 2008, this court issued an order that, among other things, reiterated its April 23, 2008 order that the plaintiff, Michael Kalkhoff ('Kalkhoff"), respond to the defendant, Roundy's Supermarkets, Inc.'s ("Roundy's"), first set of interrogatories and requests for production of documents no later than May 6, 2008. Thereafter, a flurry of "motions" and other papers were filed with the court.[1]

Specifically, on May 12, 2008, Roundy's filed a motion for sanctions and dismissal pursuant to Fed. R. Civ. P. 37(b) and 41(b), predicated on Kalkhoff's failure to comply with the court's April 23, 2008 order (by failing to respond to the defendant's discovery requests), as well as on Kalkhoff's failure to prosecute his claim (by failing to appear at the hearing on defendant's motion to compel and by failing to respond to the defendant's discovery requests in accordance with the court's April 23, 2008 order).

---

[1] The plaintiff is reminded that, pursuant to local rule 5.2, "[a]ll legal papers must be filed in the office of the Clerk of Court and not in the chambers of the judge or magistrate judge."

On May 19, 2008, Kalkhoff filed a motion in which Kalkhoff seems to seek relief from a petition for removal under 28 U.S.C. § 1441, *et seq*.

On May 19, 2008, Kalkhoff filed a motion in the text of which he states, among other things, that he "would like to make a motion to compel interrogatories against Pick N' Save (Laurie Peterson, on record for the Defendant) for failure to produce handwritten corporate documents."

First of all, to the extent that Kalkhoff seeks some sort of relief from a petition for removal, his motion will be denied. Simply stated, Kalkhoff himself commenced this action in federal court; it was not removed from state court to federal court.

Second, Kalkhoff's "motion to compel" will be denied. In his motion Kalkhoff asserts that the "handwritten corporate documents" to which he claims entitlement "were issued Subpoena Duces Tecum by First, Albrecht, and Blondis on February 13, 2006 [and] I have yet to receive them." Simply stated, the complaint in the instant action was not even filed until May 11, 2007. Thus, the "subpoena duces tecum" to which Kalkhoff refers in his motion could not have been issued in connection with the instant action.

This then leaves for resolution the defendant's motion for sanctions and dismissal. As stated previously, on April 23, 2008, this court issued an order (following a court hearing at which the plaintiff failed to appear) finding that the plaintiff's responses to the defendant's interrogatories were insufficient (he had answered all of them "Same Answer!!!") and that he had failed to respond entirely to the defendant's request for production of documents. The court ordered that the plaintiff provide responses to the interrogatories and to the request for production of documents no later than May 6, 2008. Again, as stated previously, on April 30, 2008, the court reiterated its April 23, 2008 order.

2

Kalkhoff has quite obviously failed to comply with the court's orders. Indeed, to his response to the defendant's motion for sanctions Kalkhoff merely attaches a copy of what would appear to be his Rule 26(a) Initial Disclosures. In other words, he has not yet provided either written answers to the defendant's interrogatories or appropriate responses to the defendant's request for production of documents.[2]

This court recognizes that the plaintiff is proceeding *pro se.* But his *pro se* status does not insulate him from being required to comply with the federal rules and this court's orders. That said, the court will give the plaintiff a chance to redeem himself by serving on the defendant: (1) full and complete written answers to the defendant's interrogatories and (2) responses to the defendant's request for production of documents. Such answers and responses shall be served no later than June 16, 2008. Failure to comply with the court's order may result in dismissal of this action with prejudice.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's "Motion to Compel" (dkt. #45) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion seeking relief from removal (dkt. #44) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for sanctions and for dismissal (dkt. #37) be and hereby is **DENIED WITHOUT PREJUDICE**;

---

[2] The defendant attached to its reply some documents that it claims to have received from the plaintiff on May 16, 2008 along with his response to the motion for sanctions. That the plaintiff may have provided such documents, however, does not satisfy the court's previous orders directing him to answer the interrogatories and respond to the request for production of documents. To make it clear, in order to satisfy the court's previous orders, the plaintiff will need to comply with the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, copies of which are attached to this order.

**IT IS FURTHER ORDERED** that, no later than June 16, 2008, the plaintiff shall serve on the defendant: (1) full and complete written answers to the defendant's interrogatories and (2) responses to the defendant's request for production of documents.

**SO ORDERED** this 29th day of May 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge